IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

August 18, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

JEANNIE FARROW          )   JEFFERSON COUNTY
                        )   03A01-9711-CV-00501
    Plaintiff-Appellant )
                        )
                        )
    v.                  )   HON. JOHN K. WILSON,
                        )   JUDGE
                        )   (Sitting by Interchange)
CARL R. OGLE, JR.       )
                        )
    Defendant-Appellee  )   AFFIRMED AND REMANDED


LARRY C. VAUGHAN OF KNOXVILLE FOR APPELLANT

CARL R. OGLE, JR., Pro Se



O P I N I O N



                                    Goddard, P.J.



        In this legal malpractice suit, Jeannie Farrow appeals

a summary judgment rendered against her in favor of Carl R. Ogle,

Jr., on the ground that her claim was barred by the applicable

statute of limitations.[1]  Ironically, the underlying suit which

gave rise to the present litigation was one for personal injuries

_____

        [1]     Mr. Ogle advanced two defenses--the statute of limitations and the
negligence of Mr. Ogle caused Mrs. Farrow no damage because the underlying
suit was without merit.  The Trial Judge sustained the first defense and
overruled the second.

filed by Mr. Ogle on behalf of Mrs. Farrow and was also dismissed because it was barred by the statute of limitations.

Mrs. Farrow's single issue on appeal insists the Trial Court was in error in "ruling as a matter of law that there was no issue of fact to be decided."

The dates of events pertinent to the disposition of this appeal we will now list chronologically:

<u>August 13, 1994</u>    The Plaintiff fell from a chair following an MRI and sustained injuries.

<u>August 13, 1995</u>    The statute of limitations expires for a medical malpractice action.

<u>August 17, 1995</u>    The medical malpractice complaint is filed.

<u>September 15, 1995</u>  The medical malpractice defendants file motions for summary judgment.

<u>September 27, 1995</u>  The Defendant mails the motions for summary judgment to the Plaintiff and advises of the statute of limitations problem.

<u>October 4, 1995</u>    The statute of limitations problem is discussed between the Plaintiff and the Defendant at an in-office meeting.

<u>November 27, 1995</u>   The Plaintiff signs an affidavit in an effort to defeat the motions for summary judgment.

<u>December 15, 1995</u>   The Trial Court grants the defendants summary judgment in the medical malpractice action.

<u>December 20, 1995</u>   The Defendant advises the Plaintiff that the medical malpractice action was dismissed.

<u>January 3, 1996</u>    The order granting summary judgment in the medical malpractice action is entered.

<u>January 13, 1996</u>   The Defendant writes the Plaintiff to advise of entry of the order and to advise of appeal deadlines.

<u>December 17, 1996</u>    The instant legal malpractice complaint is filed.

Before addressing the issue raised, we note that the complaint in the underlying suit was not timely filed because one of Mr. Ogle's employees either misread or mistranscribed the information contained in the medical records and reported that the injuries to Mrs. Farrow occurred on August 18, 1994, rather than August 13, 1994.

Under Tennessee case law, in legal malpractice cases, as in other tort cases, the discovery rule, which triggers the statute of limitations, obtains.  The Court of Appeals case of <u>Caledonia Leasing v. Armstrong, Allen</u>, 865 S.W.2d 10 (Tenn.App.1992), specifies when a legal malpractice cause of action accrues, and in doing so uses the following language (at page 13):

> A cause of action for legal malpractice accrues and the statute of limitations commences to run when (1) the attorney has committed negligence, (2) the client has been injured by that negligence, *Ameraccount Club, Inc. v. Hill*, 617 S.W.2d 876, 878-79 (Tenn.1981), and (3) the client discovers, or in the exercise of reasonable care and diligence, should have discovered, the existence of the facts constituting negligence by the attorney and the injury caused by the attorney's negligence. *Security Bank & Trust v. Fabricating, Inc.*, 673 S.W.2d 860, 865 (Tenn.1983).

A recent opinion of this Court, <u>Brown v. Davidson</u>, an unreported case filed in Nashville on December 5, 1997, is in accord.

3

The critical question in this appeal is when Mrs. Farrow knew of Mr. Ogle's negligence and the injury she sustained thereby.

In her discovery deposition Mrs. Farrow testified regarding a conversation she had with Mr. Ogle on October 4, 1995, shortly after receiving his letter of September 27, as follows:

Q    But I'm asking you what facts were there, or what was there in this visit to the office on the 20th [of December 1995] that made you feel for the first time that there was a problem with the case?

A    That the statute of limitations ran out.

Q    Okay.  Weren't you aware of that before that?

A    Yes.

Q    Okay.  And I think in your interrogatory answers -- and you can look if you need to -- but did you not get a letter in September of 1995 --

A    Yes.

Q    -- indicating that there was a problem with the statute of limitations?

A    Yes.

Q    Okay.  And did we not have a conversation in my office within just a very few days of that letter --

A    Yes.

Q    -- talking about that?

A    Yes.

Q    Okay.  Did you think there was a problem with the case at that time, at that time in September or early October?

A    No.  Well, yes, because the dates were wrong on the lawsuit in the first place.

Q    Okay.

A    But we decided to appeal.

Q    I understand.  What did you think was wrong with the first case at that point in time, in September or October?

A    The dates.

Q    Okay.

A    The M.R.I. was performed on the 13th.  The lawsuit stated that it was performed on the 18th of August.

Q    Did you tell me at that time that those dates were wrong?

A    Yes.

Q    Okay.

A    We told you several times those dates were wrong.

Q    Had we discussed prior to that time what the statute of limitations was on a medical malpractice case?

A    I suppose I already knew there was a statute of limitations.

Q    What did you already know about what the statute of limitations was?

A    That you have a year.

Q    From the time it happened?

A    Yes.

Q    Okay.  So, in September, late September -- and I don't remember the date of the letter.  If you want --

A    Oh, it was September 20th.[2]

_____

[2]    She means September 27.

Q    In answer to Number 15 to your answer to interrogatories -- so we're operating under same information --

A    Okay.

Q    -- in the answer it says, "On or about September 20, 1995, via a letter from Carl R. Ogle, Jr.,"

A    Right.

Q    Okay.  So, when you received that letter, did you know there was a problem?

A    Yes.

Q    What did you think the problem was?

A    I knew what the problem was.

Q    What was the problem?

A    The problem was the statute of limitations ran out because the dates on the lawsuit were wrong.

It can be seen from the foregoing that no later than October 4, 1995, Mrs. Farrow was fully aware of Mr. Ogle's negligence and the injury she sustained by being unable to pursue her underlying suit.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below.  Costs of appeal are adjudged against Mrs. Farrow and her surety.

_____
Houston M. Goddard, P.J.

CONCUR:

6

_____
Don T. McMurray, J.


_____
Charles D. Susano, Jr., J.